# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mert Duymayan, <br><br> Plaintiff <br><br> v. <br><br> Elite Medical Center, <br><br> Defendant | Case No. 2:25-cv-00982-CDS-MDC <br><br> Order Adopting Magistrate Judge's Report and Recommendation and Closing Case <br><br> [ECF No. 5] |

Plaintiff Mert Duymayan brings this civil rights lawsuit against Elite Medical Center alleging that he was drugged and falsely imprisoned. Compl., ECF No. 2-1. Duymayan filed his complaint without submitting an application to proceed *in forma pauperis* (IFP) or, in the alternative, paying the civil case filing fee. United States Magistrate Judge Maximiliano D. Couvillier III then ordered Duymayan to either file a fully complete IFP application or pay the $405 filing fee, but he did neither. Order, ECF No. 4. After the October 6, 2025 deadline expired without Duymayan complying or otherwise responding, Judge Couvillier issued a report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 5.

Duymayan had until November 3, 2025, to file any objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline has also passed, and Duymayan has not objected to the dismissal recommendation. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless make an independent review here. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. §§ 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an IFP application. 28 U.S.C. § 1915(a)(1). Indeed, I find that the record demonstrates that, despite an opportunity to do so, Duymayan did not submit an IFP application or pay the civil filing fee.[1] In light of this, Judge Couvillier considered the *In re Phenylpropanolamine Prod. Liability Litigation* dismissal factors and found they weighed in favor of dismissal. ECF No. 5 at 2–3 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). This litigation cannot move forward without the participation of the plaintiff, and because Duymayan has failed to update his address, issuing another order is not a meaningful alternative in this circumstance. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). So I agree that there are no alternative sanctions other than dismissal when the court cannot contact Duymayan to communicate the alternatives.[2] For those reasons, I accept the R&R in its entirety and dismiss this matter.

I again caution Duymayan, like I did in another case brought in this district against the same defendant, that he must bring lawsuits in good faith and comply with all the rules of this court. *See* ECF No. 11 at 3, n.2 in *Duymayan v. Elite Medical Center*, 2:25-cv-00223-CDS-DJA. The filing of complaints or pleadings that are frivolous may lead to Duymayan being declared a vexatious litigant. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.").

---

[1] Although the R&R was returned as undeliverable (*see* ECF No. 6), Judge Couvillier's order instructing Duymayan to file an IFP application or pay the filing fee was not returned as undeliverable. Duymayan has therefore also failed to notify the court of his current address, a violation of Local Rule IA 3-1 (a "pro se party must immediately file with the court written notification of any change of mailing address").

[2] The court notes that Duymayan was previously cautioned that future frivolous filings may result in the entry of a vexatious litigant order against him, which would restrict his ability to file in this court. *See* ECF No. 7 at 3; ECF No. 9 at 2 in *Duymayan v. NV Energy*, Case No. 2:25-cv-00707-CDS-MDC.

**Conclusion**

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 5] is accepted and adopted in full**, therefore Duymayan's complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: November 14, 2025

_____
Cristina D. Silva
United States District Judge